# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| DAVID BRADFORD, ) | CIVIL ACTION NO. 9:11-462-RBH-BM |
| Petitioner, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| M.L. RIVERA, ) | |
| Warden, ) | |
| Respondent. ) | |

This Petition for a writ of habeas corpus was filed on February 25, 2011, pursuant to 28 U.S.C. § 2241. Petitioner is currently incarcerated at the Federal Correctional Institution ("FCI") in Estill, South Carolina.

Respondent filed a motion for summary judgment on May 31, 2011. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on June 1, 2011, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case. After receiving an extension of time, Petitioner filed a response in opposition to the motion on July 8, 2011, to which the Respondent filed a reply on July 15, 2011.



This matter is now before the Court for disposition.[1]

## Background

The record reflects that on September 7, 2001, Petitioner pled guilty to Conspiracy to Distribute Cocaine and Marijuana (a violation of 21 U.S.C. § 846) and Laundering Monetary Instruments (a violation of 18 U.S.C. § 1956(h)). On February 28, 2002, Petitioner was sentenced to an 84 month term of imprisonment on each of the charges, to be served concurrent. See Respondent's Exhibit 1, Declaration of Farrar, ¶ 3 & Attachment A. The relevant section of the factual background of this case is set forth in United States v. Bradford, 623 F.Supp.2d 849, 851-852 (E.D.Mich. 2009), as follows:

> [Petitioner's] sentence was set forth in a March 14, 2002 judgment, in which the Court expressly addressed [Petitioner]'s ongoing health issues and need for treatment by 'order [ing] that [Petitioner's] report date b[e] deferred for six (6) months, or as further ordered.' (3/14/2002 Judgment at 2). This judgment further directed [Petitioner] to 'surrender to the United States Marshal for this district . . . in six months as designated by the Bureau of Prisons, or as further ordered.' (*Id*.)
>
> Over the remainder of 2002, the U.S. Probation Office in Detroit received correspondence from [Petitioner's] physician in Atlanta, Georgia, Dr. Ian Crocker, indicating that [Petitioner's] cancer had progressed, that his disease was incurable, and that he had a limited life expectancy of '1-2 years at best.' (*See* Dr. Crocker's 11/14/2002 Letter). United States Probation Officer Stacey A. Fokken informed the Court in a July 9, 2002 letter that she had requested additional document of Defendant's medical condition, but it does not appear that any such materials were forthcoming. Nonetheless, in its response to [Petitioner's] present motion, the Government states that 'in light of [Petitioner's] alleged exceedingly limited life expectancy, no action was taken with respect to having the Bureau of Prisons designate an institution for service of [Petitioner's] sentence until the summer of 2008.' (Government's Response Br. at 4).

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 19.02(B)(2)(c), D.S.C. Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



Over the years between 2002 and 2008, [Petitioner] continued to undergo medical treatment for cancer and related health conditions, including one or more surgeries. He also found work, ultimately purchasing a tow truck and starting his own towing business. In letters to the Court dated August 27, 2008, [Petitioner] and his wife have recounted the positive contributions he has made during this period, both to his family and to the surrounding community.

By memorandum dated July 30, 2008, United States Pretrial Services Officer Mary Ann Atkinson advised the Court of the developments in this case since [Petitioner's] sentencing in 2002. According to this memo, [Petitioner] remained in regular contact with Pretrial Services Officer Michelle Eubanks of the Northern District of Georgia, and 'remain[ed] compliant with all conditions of bond.' (7/30/2008 Pretrial Services Memorandum at 1.) The Court was further advised that [Petitioner's] 'cancer is currently in remission,' but that he was 'experiencing brain leakage in his ear' and was 'fearful if he is required to report to prison, he will be victimized due to his frail health.' (*Id.*) In light of these developments, Pretrial Services requested the Court's assistance, asking (i) whether the U.S. Marshal's Service should be notified to designate [Petitioner] to begin serving his sentence, (ii) whether additional documentation should be sought regarding [Petitioner's] medical condition, or (iii) whether a hearing should be held.

Upon reviewing this memorandum, the Court requested that Pretrial Services contact the BOP and have [Petitioner] designated, either to an FCI or a medical facility as deemed appropriate. Following this contact, the BOP instructed [Petitioner] to report to FCI Estill in South Carolina on September 4, 2008. Through the present motion, filed on December 18, 2008, [Petitioner] requests that the charges against him be dismissed or that he be re-sentenced to time served, in light of the BOP's delay in designating him to a federal institution to begin serving his sentence, and in light of the steps he has taken since his 2002 sentencing to turn his life around and make a positive contribution to his family and society.

The court in the Eastern District of Michigan determined that Petitioner's motion[2] was premature, and was improperly directed to the sentencing court, rather than to the district court for the district to which he was to report for incarceration.[3] Bradsford, 623 F.Supp.2d at 855. On May

---

[2]By stipulated orders dated September 4, 2008 and January 6, 2009, the Court extended Petitioner's report date to allow for the filing and disposition of this motion.

[3]The Michigan court did find that, to the extent Petitioner was seeking dismissal of the charges against him, rather than credit toward his sentence, it agreed with the Government that there is no known basis in the law for such relief, where Petitioner did not identify any defect in the charges



3

4, 2009, Petitioner voluntarily surrendered to FCI Estill to begin service of his federal sentence. See Respondent's Exhibit 1, ¶ 10. Petitioner has a current projected release date of May 19, 2015, via Good Time (GCT) Release. Id. at ¶ 4 & Attachment B.

Petitioner asserts in this habeas action that his designation and imprisonment was delayed for over seven years through no fault of his, and that of that time, he is erroneously being denied six years and five days time served toward his federal sentence. Petitioner's calculation is based on the time period from August 27, 2002 (date Petitioner contends he should have been designated to voluntarily surrender), to September 4, 2008 (date he was actually designated by BOP to voluntarily surrender). It is undisputed that this time period has not been credited to his federal sentence, and Petitioner requests that this Court order he be given credit for this time. See Petition.

**Discussion**

Respondent does not contest that Petitioner's claim, challenging the BOP's decision not to credit him for time served while he was not in custody, may be brought under 28 U.S.C. § 2241. Respondent also does not dispute that Petitioner has exhausted his administrative remedies with respect to this claim. Hughes v. Slade, 347 F.Supp.2d 821 (C.D.Cal. 2004); Jimenez v. Warden, FDIC, Fort Devens, Massachusetts, 147 F.Supp.2d 24, 27 (D.Mass. June 8, 2001); 18 U.S.C. § 3585; see United States v. Shanklin, No. 87-7395, 1988 WL 41128 at **2 (4th Cir. April 28, 1988); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984) [ "It is only when a prisoner has exhausted his administrative remedies that he becomes entitled to litigate the matter in the district court." ]. See also Alexander v. Hawk, 159 F.3d 1321 (11th Cir. 1998); United States v. Mathis, 689

---

against him, and where he has been lawfully convicted of these charges pursuant to a valid guilty plea. Bradsford, 623 F.Supp.2d 849, 855, n. 7.

4



F.2d 1364, 1365 (11th Cir. 1982). Therefore, this claim is properly before this Court for consideration.

A federal sentence does not commence until the Attorney General receives the defendant into custody for service of the federal sentence. See 18 U.S.C. § 3585(a) ["A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."]; Binford v. United States, 436 F.3d 1252, 1254 (10th Cir. 2006)["A federal sentence does not commence until a prisoner is actually received into federal custody for that purpose."]. The execution of Petitioner's sentence and computation of jail time is an administrative function within the authority of the Attorney General, who has delegated this task to the BOP, including computing time credits and determining a sentence termination date once the defendant actually commences serving his sentence. United States v. Wilson, 503 U.S. 329, 335 (1992). The BOP has computed Petitioner's jail time based on a sentence commencement date of May 4, 2009, with a twenty-one (21) day prior custody credit for previous time spent in jail. Respondent's Exhibit 1, ¶ 4.

Section 3585(b) of 18 U.S.C. deals with prior custody credit and provides in the relevant section as follows:

> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;



that has not been credited against another sentence.

Petitioner argues that because he was required to remain in regular contact with the U.S. Probation Service while he was on bond and awaiting designation of a facility, he should be awarded custody credit for that time. However, Petitioner is not entitled to custody credit for that period of time. Cf. United States v. Zackular, 945 F.2d 423, 425 (1st Cir. 1991)["[I]t cannot be seriously doubted that confinement to the comfort of one's own home is not the functional equivalent of incarceration in either a practical or psychological sense."] The BOP does not even consider time spent in a community corrections center or a similar facility as a result of a condition of bond or release on own recognizance, or as a condition of parole, probation or supervised release, as "official detention" for credit purposes. See Reno v. Koray, 515 U.S. 50, 58-59 (1995).

Petitioner cites to the case of Ninete v. Thomas, 607 F.Supp.2d 1201 (D.Or. 2009), as support for his claim. However, this case does not support Petitioner's argument. In Ninete, the Defendant was given credit for time he was at liberty because of mistakes attributable to the government with no fault to the Defendant. In the case at bar, the delay in designating a facility to start Petitioner's incarceration was the result of Petitioner's medical condition. Petitioner did not file a motion to self-surrender (as was the case in Ninete) and took no action to self-surrender or begin his service until the BOP notified him that it had designated a facility. A mere delay in the commencement of a sentence does not give a defendant the right to credit for time spent at liberty. United States v. Barfield, 396 F.3d 1144, 1147 (11th Cir. 2005)[denying credit for 8 years the defendant spent at liberty due to medical condition]; Leggett v. Fleming, 380 F.3d 232, 234-236 (5th Cir. 2004)[Denying a request for 3 years and 2 months credit that the defendant was allegedly erroneously at liberty]; Woodman v. Shartle, No. 10-1818, 2010 WL 5420143 at * 4-5 (N.D.Ohio



2010)[denying petitioner's request for credit while at liberty from November 2004 through October 2009].

Accordingly, Petitioner has not shown that he is entitled to credit toward his federal sentence for any time that he spent while he was out on bond, but reporting to U.S. Probation Service. This claim is without merit.

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion be **granted**, and that Petitioner's claim be **dismissed, with prejudice.**

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

October 14, 2011
Charleston, South Carolina



7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

